IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **STACEY ERVIN, 1732730,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:13-CV-00009-L** |
| § | |
| **DALLAS COUNTY DISTRICT** § | |
| **ATTORNEY'S OFFICE,** *et al.*, § | |
| § | |
| Defendants. § | |

# ORDER

Plaintiff Stacey Ervin ("Ervin") brought this action on January 2, 2013, pursuant to 42 U.S.C. § 1983, against the Dallas County District Attorney's Office and the Southwestern Institute of Forensic Sciences. The case was referred to Magistrate Judge Paul D. Stickney, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on May 10, 2013, recommending that Ervin's claims be dismissed with prejudice until the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994), are met. Ervin filed objections to the Report on May 21, 2013, contending that he is not seeking to invalidate his conviction or recover damages for an alleged unconstitutional conviction or imprisonment. He instead contends that he brought this action because he has a constitutional right to postconviction DNA testing.

In seeking postconviction DNA testing, Ervin is effectively seeking to challenge his conviction; however, as noted in the Report, the Supreme Court held in *Heck* that a prisoner cannot bring a section 1983 action challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or

otherwise declared invalid by a state tribunal or federal court. Because Ervin has not satisfied the *Heck* conditions, he currently has no cause of action on his claims. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam) (clarifying the effect of a dismissal of a civil rights claim under the holding of *Heck*.) The court therefore overrules Ervin's objections. Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, Ervin's claims are **dismissed with prejudice** to their being asserted again until the *Heck* conditions are met.[*]

**It is so ordered** this 23rd day of May, 2013.

Sam A. Lindsay
United States District Judge

---

[*] In *Johnson v. McElveen*, the Fifth Circuit noted that the "preferred" language for an order dismissing a claim for failure to satisfy the *Heck* conditions is: "Plaintiffs claims are *dismissed with prejudice to their being asserted again until the Heck conditions are met.*" *Id.* at 424 (emphasis added).

**Order – Page 2**